## HAWKINS vs. HENSLEY.

Under the Revised Statutes, chap. 91, sec. 6, which provides that certain actions shall be commenced within three years after the passage of that act; or, when the cause of action shall not have accrued at the taking effect of that act, then within three years after the cause of action shall have accrued; the right of action is not barred by the statute, where suit is brought within three years after the law took effect, though the right of action might have accrued more than three years before action brought.

THIS was a suit determined in Crawford Circuit Court, in February, A. D. 1841, before the Hon. RICHARD C. S. BROWN, one of the Circuit Judges. Hawkins sued Hensley in debt, upon a note executed in 1836, by Hensley, to Owen Webb, and assigned by Webb to the plaintiff. The defendant demurred, on the ground that the plaintiff had mistaken his action, and that there was no immediate liability shown, moving from defendant to plaintiff. The demurrer being overruled, he pleaded *nil debet*, and *actio non accrevit infra tres annos.* To the first plea, the plaintiff took issue: to the second, he demurred. The demurrer was overruled, he declined moving further in the case, judgment went against him, and he sued his writ of error.

*Turner* and *Pike*, for the plaintiff.

The plea of the statute of limitations was bad. It was filed on the 6th of March, 1841, in a suit upon a note executed in September, 1836. The limitation on such a note, when it was executed, was, by the territorial statutes, five years. *Ter. Dig.* 381.

By the Revised Statutes, which went into operation on the 20th March, 1839, it was provided that such an action, among others, should be commenced within three years after the passage of this act; or, "when the cause of action shall not have accrued at the taking effect of this act, within three years after the cause of action shall accrue." *Rev. St.* 527. It is abundantly manifest, that this statute cannot be pleaded, in any case, until after the 20th of March, 1842. If there should then be a cause of action existing, not barred by the old statute, but to which the new one applies, the defendant could plead it. This

is clear, from the very words of the law itself, and equally clear upon reason and authority. The principle was fully settled in *Dash vs. Van Kleek*, 7 *J. R.* 477, and in *Sayre vs. Wisner*, 8 *Wend.* 661.

Debt will not lie, in England, in favor of the assignee of a note against the maker, because the statutes of Anne only gave the endorsee the right to maintain an action in like manner as in cases of inland bills of exchange. *Bishop vs. Young*, 2 *B. & P.* 78. *Stratton vs. Hill*, 3 *Price*, 253.

But this doctrine has been entirely overturned in the United States. *Raborg et al. vs. Peyton*, 2 *Wheat.* 385. *U. S. vs. Colt*, 1 *Peters*, *C. C. R.* 145. *Kirkman vs. Hamilton et al.*, 6 *Peters*, 20.

*Paschal*, and *Gilchrist & Evans*, contra.

Statutes have legal relation to the first day of the session at which they are passed. The existing law of limitations is deemed, in law, to have been in force from the sixth day of November, A. D. 1837, when the session commenced. *Com. Dig.*, *title Parliament*, 1 *and* 295. *Lutler vs. Holmes*, 4 *T. R.* 660. *Rev. St.* 677.

Debt will not lie in favor of an assignee against the *maker of a note*. The English rule is still in force in this country. The cases in 2 *Wheat.* and 1 *Peters*, 56, are not in point. *Kirkman vs. Hamilton*, 6 *Peters*, 20, is decided under the laws of North Carolina. See *Oliver vs. Napier*, 1 *Cook.* 11. *Anderson vs. Crockett*, 6 *Yerg.* 330.

*By the Court*, RINGO, C. J.

The only question presented by the record and assignment of errors, for the decision of this Court, is, whether the judgment given upon the demurrer to the plea of the statute of limitations, was authorized by law? The solution of this question depends upon the construction to be given to the statute of limitations, *Rev. St.*, *chap.* 91, the 6th section of which, among other things, provides, that "the following actions shall be commenced within three years after the passage of this act; or, when the cause of action shall not have accrued at the taking effect of this act, within three years after the cause of action shall accrue: First, all actions of debt, founded upon any contract, obligation, or liability, (not under seal), excepting such as are brought upon

Hawkins *vs.* Hensley.

the judgment or decree of some court of record of the United States, of this, or some other State." These provisions absolutely embrace causes of action of two distinct classes: First, all actions of debt, founded upon any contract, obligation, or liability, not under seal, except such as are founded upon the judgment or decree of some court of record in the United States, where the right of action had accrued prior to the taking effect of said statute, in which cases, the right to sue, at any time within three years next after the taking effect of said act, is expressly given; but the right to sue in such cases is, by the terms of the enactment, expressly limited to that period. Second, all actions of debt upon such contracts, obligations, or liabilities, not under seal, except judgments or decrees of courts of record, as aforesaid, where the right of action should accrue after the taking effect of said statute; in which class of cases, suit must be commenced within three years next after the cause of action accrues. Such we understand to be the express and positive injunctions of the statute, the effect of which, in respect to cases of the first class, is to exclude the plea, where the suit is brought within three years after the act went into operation, notwithstanding the right of action may have accrued more than three years before the institution of the suit. In the present case, a right of action accrued on the contract set forth in the declaration, on the 22d day of September, 1836; and, according to the law then in force, the party invested with such right was at liberty to commence an action at law thereupon, at any time within five years thereafter. *Ark. Dig.* 381. And therefore the right of action on said contract was not barred by either statute, when this suit was commenced. Consequently, the plea of the defendant, setting forth " that the said cause of action has not accrued within three years next preceding the commencement of said action," is wholly insufficient to bar the action; and the declaration being in every respect sufficient, and the action in the name of the plaintiff well conceived, the demurrer of the plaintiff to said plea of the defendant, ought to have been sustained, and the plea adjudged insufficient.

Judgment reversed.